UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | DKT  NO.  05-10225 |
| | ) | |
| v. | ) | |
| | ) | |
| JERMAINE POLITANO | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

**I. Introduction**

      The Defendant pursuant to Paragraph 10. a) (1) (a) of the Court's May 23, 2006 Amended Procedural Order hereby notifies the Court that he will be seeking a reduction from the applicable guideline range in the form of a two level decrease under Sec. 3B1.2(b) <u>Mitigating Role</u> of the Sentencing Guidelines. Pursuant to Paragraph 10. a) (1) (c) the Defendant notifies the court that it will provide a surveillance videotape that may assist the Court in determining the applicability of the Defendants request for a two level decrease.[1]

**II. Procedural Background**

      Defendant was arrested on September 16, 2005. Defendant has been in custody since that date. (Defendant will have spent exactly 11 months in custody as of the date of sentencing). On May 3, 2006 the Defendant plead guilty to a one count indictment:

---

[1] Defendant will make the videotape available to be viewed in the court's discretion. The Defendant is not requesting an evidentiary hearing. Further the Defendant does not believe an evidentiary hearing is necessary.

Engaging in the Business of Dealing in Firearms Without a License, in violation of 18 U.S.C. Sec. 922 (a) (1) (A). However, the Defendant only pled guilty so far as the "one Walther 9mm semi-automatic pistol, bearing serial number 234585" set forth in the indictment. The Defendant has not pled guilty as far as the additional two guns (the Mossberg shotgun and the Beretta pistol) alleged in the indictment. There is no plea agreement in this case. The parties agree that the Court will make a determination as to the applicability to Defendant's sentence, if any, of the two additional firearms contained in the indictment. Defendant now stands before the Court for sentencing.

### III. The Sentencing Guidelines

#### A. The Pre-Sentence Report

The pre-sentence investigation report determines Defendant's sentencing guideline range as 12 to 18 months imprisonment based on an offense level of 13 and a criminal history category of I (0 points), PSR at ¶ 79.

#### B. April 20, 2005 Sales of the Walther 9mm Semi-Automatic Pistol

On April 20, 2005 the Defendant arranged and sold a Confidential Witness (hereinafter referred to as "CW") "his [Defendant's] personal firearm for $350, (PSR ¶ (9)). The Defendant has plead guilty to this charge.

#### C. The April 21, 2005 Sale of the Two Additional Firearms

On April 21, 2005 the CW in this case called the Defendant on the telephone. The Defendant "told the CW that his [Defendant's] *source* (emphasis added) for the firearms was not picking up the phone," (PSR  ¶ (14)). The CW and Defendant later agreed to meet at the Staples parking lot in Brockton where the CW would purchase two firearms. Defendant and his source, Justice Ansoon arrived at the parking lot as previously agreed.

"Upon arrival at the parking lot, Ansoon entered the rear passenger side of CW's car. The Defendant . . . carrying a black gym bag entered the front passenger seat of CW's car, (PSR  ¶ (15)). The Defendant states, "I didn't see that," and then points to the bag he was carrying, (Videotape). All discussions surrounding money, future buys and additional ammunition occur between Ansoon and CW,  (Videotape and PSR  ¶ (15)). "When the CW asked to whom CW should give the money for payment, the Defendant pointed to Ansoon,"  (PSR  ¶ (15)). "He [Anooson] also told CW to 'give me a holler'

anytime the CW needed something. Anooson told the CW that the only thing that was missing was ammunition," (PSR at ¶ 15). As the Defendant is about to leave he states, "I ain't peeked at that,"[2] and again points to the bag, (Videotape). The Defendant then states to CW, "you didn't even look at them", (Videotape, PSR ¶ 15). Ansoon then shows the bag to CW and explains its contents, (Videotape, PSR ¶ 15). Shortly thereafter the Defendant and Ansoon leave the vehicle.

### D.  Sentencing Guidelines Section 3B1.2(b) <u>Mitigating Role</u>

Defendant is seeking a two point decrease in his offense level pursuant to Sec. 3B1.2(b) <u>Mitigating Role</u>. The Section states, "Based on the defendant's role in the offense, decrease the offense level as follows: (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels. Application Note 3. A states, "a defendant . . . who performs a limited function in concerted criminal activity is not precluded from consideration for an adjustment under this guideline. The note then offers an example of a person who is accountable for the quantity of drugs but is entitled to consideration for an adjustment since the person only transported and stored the drugs.

In the present case the Defendant under the guidelines is being held accountable for the total number of guns; three (see ¶ (26) of the PSR). With regard to the two additional guns the Defendant merely transported the guns. The surveillance tape of the transaction clearly demonstrates that Anooson and not the Defendant is providing the two guns from Anooson's sources for which Anooson is paid directly by CW.

Application Note 5., states, "Subsection (b) applies to a defendant described in Application Note 3(A) who is less culpable than most other participants, but whose role could not be described as minimal.

Based on the facts asserted in the PSR the Defendant's role in the sale involving the two guns is less culpable than that of Anooson. For these reasons Defendant is requesting a two point reduction pursuant to Sec. 3B1.2(b).

In <u>United States v. Christman</u>, 894 F. 2d 339 (9th Cir. 1990) the defendant was charged and convicted of using the telephone to negotiate the price and quantity of drugs on behalf of a co-defendant and derived no profit from the drug transactions. The court

---

[2] The audio on the tape is difficult to understand. The Defendant's counsel makes these representations based on his understanding of the audio. As set forth herein the videotape is available for the Court's review at the sentencing hearing.

held that a two point reduction pursuant to Sec3B1.2 for defendant's role as a "minor" participant was appropriate.

In the present case the Defendant used the telephone to negotiate the price and quantity of guns for his source Ansoon. There is no evidence in the videotape or elsewhere that the Defendant in any way profited from the transaction. For these reasons the Defendant is seeking and believes a two level reduction pursuant to Section 3B1.2(b) is appropriate.

### E. Guideline Calculation After Two Level Reduction

In the event the Court grants the Defendant's request for a two level reduction Defendant's Adjusted Offense Level (subtotal) would be14. Defendant's Adjustment For Acceptance of Responsibility would only be entitled to a two level reduction. (Since the Adjusted Offense Level with credit for minimal role in the offense would be below level 16). This would bring the Defendant's Total Offense Level to 12. The guideline range based on an offense level of 12 with a criminal history Category I is 10 to 16 months.

### V. Conclusion

For the reasons discussed above, the Defendant respectfully requests that the Court impose a sentence of 11 months and sentence Defendant to time served. In the alternative the Defendant respectfully requests the Court sentence Defendant to one year and one day.

Respectfully submitted
**Jermaine Politano**
By his attorneys
/s/ *Albert F. Cullen, Jr.*

BBO# 107900

/s/ *Albert F. Cullen, III*

BBO# 561223

Dated: August 7, 2006                     60 K Street, Boston, MA 02127

I, Albert F. Cullen, certify that I understand that all counsel will receive electronic notice of the electronic filing of this pleading.

/s/ *Albert F. Cullen, Jr.*

Albert F. Cullen, Jr.