AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA
V.
**JERMAINE N. POLITANO**

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **1: 05 CR 10225 - 001 - GAO**

USM Number: 25803-038

ALBERT F. CULLEN, ESQUIRE
Defendant's Attorney

☑ Additional documents attached

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1   ( Plea: 5/3/06)

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18USC Sec.922(a)(1) | (A) Engaging in the Business of Dealing in Firearms w/o a License | 04/21/05 | 1 |

The defendant is sentenced as provided in pages 2 through   8   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)  ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

08/24/06
Date of Imposition of Judgment

/s/ George A. O'Toole, Jr.
Signature of Judge

The Honorable George A. O'Toole
Judge, U.S. District Court
Name and Title of Judge

August 24, 2006
Date

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1A - D. Massachusetts - 10/05

|  |  |
|---|---|
| DEFENDANT: **JERMAINE N. POLITANO** | Judgment—Page ____ of __8__ |
| CASE NUMBER: **1: 05 CR 10225  - 001 - GAO** | |

## ADDITIONAL COUNTS OF CONVICTION

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| | | | |

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

|  |  |
|---|---|
| DEFENDANT: JERMAINE N. POLITANO | Judgment — Page 2 of 8 |
| CASE NUMBER: 1: 05 CR 10225 - 001 - GAO | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 24 month(s)

on count 1.

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

DEFENDANT: JERMAINE N. POLITANO
CASE NUMBER: 1: 05 CR 10225 - 001 - GAO

Judgment—Page 3 of 8

## SUPERVISED RELEASE

☐ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 3 year(s)

on count 1.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **JERMAINE N. POLITANO**
CASE NUMBER: 1: 05 CR 10225 - 001 - GAO

Judgment — Page 4 of 8

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ $100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

☐ See Continuation Page

| TOTALS | $ 0.00 | $ 0.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **JERMAINE N. POLITANO**  
CASE NUMBER: **1: 05 CR 10225 - 001 - GAO**  
DISTRICT: **MASSACHUSETTS**

Judgment — Page 5 of 8

# STATEMENT OF REASONS

**I  COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☑ **The court adopts the presentence investigation report without change.**

B ☐ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.) (Use Section VIII if necessary.)

1 ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

2 ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3 ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4 ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II  COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☑ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

☐ findings of fact in this case  
☐ substantial assistance (18 U.S.C. § 3553(e))  
☐ the statutory safety valve (18 U.S.C. § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level: 13  
Criminal History Category: I  
Imprisonment Range: 12 to 18 months  
Supervised Release Range: 2 to 3 years  
Fine Range: $ 3,000 to $ 30,000  
☑ Fine waived or below the guideline range because of inability to pay.

DEFENDANT: **JERMAINE N. POLITANO**
CASE NUMBER: **1: 05 CR 10225 - 001 - GAO**
DISTRICT: **MASSACHUSETTS**

Judgment — Page **6** of **8**

# STATEMENT OF REASONS

**IV ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐ **The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.**

B ☐ **The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.**
(Use Section VIII if necessary.)

C ☐ **The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.**
(Also complete Section V.)

D ☑ **The court imposed a sentence outside the advisory sentencing guideline system.** (Also complete Section VI.)

**V DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A **The sentence imposed departs** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B **Departure based on** (Check all that apply.):

1 **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3 **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 Death | ☐ | 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 Extreme Psychological Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | | ☐ | 5K2.9 Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 Victim's Conduct | ☐ | 5K2.22 | Age or Health of Sex Offenders |
| | | | | | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | ☐ | Other guideline basis (*e.g.,* 2B1.1 commentary) |

D **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

DEFENDANT: **JERMAINE N. POLITANO**  
CASE NUMBER: **1: 05 CR 10225 - 001 - GAO**  
DISTRICT: **MASSACHUSETTS**

Judgment — Page 7 of 8

# STATEMENT OF REASONS

**VI  COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**  
(Check all that apply.)

A **The sentence imposed is** (Check only one.):  
☐ below the advisory guideline range  
☑ above the advisory guideline range

B **Sentence imposed pursuant to** (Check all that apply.):

1 **Plea Agreement** (Check all that apply and check reason(s) below.):  
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court  
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable  
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2 **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):  
☐ government motion for a sentence outside of the advisory guideline system  
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object  
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3 **Other**  
☑ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☑ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)  
☑ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))  
☑ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))  
☑ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))  
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))  
☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))  
☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D **Explain the facts justifying a sentence outside the advisory guideline system.** (Use Section VIII if necessary.)

see attached transcript.

| | |
|---|---|
| DEFENDANT: **JERMAINE N. POLITANO** | Judgment — Page 8 of 8 |
| CASE NUMBER: **1: 05 CR 10225 - 001 - GAO** | |
| DISTRICT: **MASSACHUSETTS** | |

# STATEMENT OF REASONS

**VII  COURT DETERMINATIONS OF RESTITUTION**

A ☐ Restitution Not Applicable.

B    Total Amount of Restitution: _____

C    Restitution not ordered (Check only one.):

    1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

    2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

    3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

    4 ☐ Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

**VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE** (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | Date of Imposition of Judgment 08/24/06 |
| Defendant's Date of Birth: 00-00-1986 | /s/ George A. O'Toole, Jr. |
| Defendant's Residence Address: 6 Wilson Street, Taunton, MA 02780 | Signature of Judge  The Honorable George A. O'Toole  Judge, U.S. District Court |
| Defendant's Mailing Address: Essex County Correctional Facility, 20 Manning Avenue, P.O. Box 807, Middleton, MA 01949 | Name and Title of Judge  Date Signed  August 24, 2006 |

```
                         ~2629952.txt
                                                                  1
  1              UNITED STATES DISTRICT COURT FOR
                    THE DISTRICT OF MASSACHUSETTS
  2

  3                                 )
  4    UNITED STATES OF AMERICA,    )
                                    )
  5            Plaintiff,           )
                                    )   Criminal Action
  6                                 )   No. 05-10225-GAO
       vs.                          )
  7                                 )
                                    )
  8    JERMAINE POLITANO,           )
                                    )
  9            Defendant.           )
                                    )
 10

 11
                 TRANSCRIPT OF STATEMENT OF REASONS
 12

 13
           BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
 14                 UNITED STATES DISTRICT JUDGE

 15

 16              United States District Court
                 John J. Moakley U.S. Courthouse
 17                    1 Courthouse Way
                 Boston, Massachusetts  02210
 18                    August 24, 2006
                          2:20 p.m.
 19

 20
                         * * * * * *
 21

 22          SHELLY M. KILLIAN, RPR, CM, CRR
                   Official Court Reporter
 23          John J. Moakley U.S. Courthouse
              1 Courthouse Way, Room 3510
 24                Boston, MA  02210
                     (617) 737-7117
 25

                                                                  2

  1   APPEARANCES:

  2   For the Plaintiff:

  3   Nadine Pellegrini
      United States Attorney's Office
  4   John Joseph Moakley Federal Courthouse
      1 Courthouse Way, Suite 9200
                              Page 1
```

~2629952.txt

```
 5  Boston, Massachusetts  02210

 6  For the Defendant:

 7  Albert F. Cullen III, Esq.
    Albert F. Cullen, Jr., Esq.
 8  60 K Street
    South Boston, Massachusetts  02127
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

                                                                3

```
 1                  P R O C E E D I N G S
 2              (The following proceedings were held in open
 3  court before the Honorable George A. O'Toole, Jr.,
 4  United States District Judge, United States District
 5  Court, District of Massachusetts, at the John J. Moakley
 6  United States Courthouse, 1 Courthouse Way, Boston,
 7  Massachusetts, on August 24, 2006.
 8              The defendant, Jermaine Politano, is present
 9  with counsel.  Assistant U.S. Attorney Nadine Pellegrini
```

~2629952.txt

10    is present.)
11            THE COURT:  Okay.  Well, let me review some of
12    the considerations that are required under the statute.
13    And I begin with the nature and circumstances of the
14    offense.  And in considering that, of course, I rely on
15    the statement of offense conduct that we previously
16    referred to that is set forth, in some detail, in the
17    presentence report.  And in light of the nature and
18    circumstances of the offense, I think a corresponding
19    factor in the statute, the need for the sentence that is
20    imposed to reflect the seriousness of the offense, to
21    promote respect for the law, to provide just punishment,
22    to afford adequate deterrence to criminal conduct both
23    specifically and generally, and to protect the public
24    from further crimes by the defendant.
25            I think any reader of the daily newspapers is

4

1     aware that the illegal trafficking of firearms at the
2     street level is a significant contributing factor in
3     what, without exaggeration I think, can be called an
4     epidemic of handgun violence in communities within this
5     district.  Not only do guns sold illegally in this way
6     directly facilitate crimes of violence, but they also
7     indirectly facilitate other crimes, including drug
8     offenses.  And so I think in light of these
9     considerations, it is necessary to regard this "engaging
10    in the business," I emphasize that, of selling firearms
11    illegally to be a very serious offense in this district
12    at this point in time.  And so I think it has to be
13    punished by a sentence which reflects that seriousness,
14    promotes respect for it in compliance with the law, and

~2629952.txt
15  has an effect both specifically but also a general
16  deterrence effect as advice to others who might commit
17  it.
18          Another factor is the history and
19  characteristics of the defendant.  And it is true that
20  he is a young man.  He has a very brief countable
21  criminal history.  There are more encounters with law
22  enforcement than are countable under the guidelines.
23  And I think when considered in conjunction with the
24  defendant's social history, it is, I think, fair to say
25  that the guidelines somewhat underestimate or undercount

                                                            5

1   the likelihood of recidivism, which is a concern.
2           So I actually think a sentence is called for
3   that is greater than recommended.  It's unusual.  I
4   don't usually exceed particularly joint recommendations,
5   but I think this is not to be treated as just a first
6   offense kind of thing.  This behavior was, while now
7   regretted, I hope honestly and sincerely now regretted,
8   but it's still necessary to punish it, both as a matter
9   of emphasis to the defendant, to the extent he has
10  reformed to keep him on that path; but also,
11  importantly, as advice to others who might do the same
12  thing.  So I think an additional period beyond what's
13  recommended by counsel for both the government and the
14  defendant is necessary.  I think an appropriate sentence
15  would be 24 months, which is above the guideline range,
16  followed by a period of supervised release, which will
17  set the parameters.
18                      * * * * *
19

~2629952.txt

20
21
22
23
24
25